UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUANA HERNANDEZ, AS ADMINISTRATRIX OF THE ESTATE OF DANNY NICACIO and ARMANDO MAISONET, Plaintiffs<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY and UTICA MUTUAL INSURANCE COMPANY, Defendants. | CIVIL ACTION NO.<br><br>**05-40141** |

FILING FEE PAID:
RECEIPT # 404637
AMOUNT $ 250.00
BY DPTY. CLK. _____
DATE 8-18-05

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. 1441, et seq., Defendants, Scottsdale Insurance Company ("Scottsdale") and Utica Mutual Insurance Company ("Utica"), hereby give notice of the removal of this case from the Superior Court of Worcester County, Massachusetts where it is now pending to the United States District Court for the District of Massachusetts. Grounds for this notice are that Defendants have complied with all removal procedures, there is a complete diversity of citizenship, and the matter in controversy exceeds the jurisdictional amount of $75,000 as follows:

I. **Removal Procedures:**

1. Plaintiffs filed this action in Superior Court in and for Worcester County, Massachusetts on or about April 28, 2005, which bears Civil Action No. 05-0758.

2. A copy of the Plaintiffs' Complaint is attached hereto as Exhibit A.

3. Less than thirty days have passed since any Defendant has been served. Defendants' undersigned counsel agreed to accept service of the Complaint on behalf of their respective clients, and Plaintiff's counsel

# Exhibit A

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.
                WORCESTER SUPERIOR COURT
                CIVIL ACTION NO.

JUANA HERNANDEZ, AS ADMINISTRATRIX )
OF THE ESTATE OF DANNY NICACIO and )
ARMANDO MAISONET, )
    Plaintiffs )
         )
         )    COMPLAINT and
         )    DEMAND FOR JURY TRIAL
         )
v.                )
         )
SCOTTSDALE INSURANCE COMPANY, )
UTICA MUTUAL INSURANCE CO. )
    Defendants )

This is a MGL c. 231A declaratory judgment action in which the plaintiffs seek the Court's determination of the coverage obligations of the defendant insurers relative to insured Saeilo, Inc. d/b/a Kahr Arms Auto Ordnance.

## THE PARTIES

1. Plaintiff's decedent, Danny Nicacio, died on December 24, 1999, as a result of being shot with an unserialized Kahr Arms handgun on December 24, 1999. At the time he resided in Worcester, Worcester County, Massachusetts.

2. Plaintiff Juana Hernandez is the mother of decedent and the Administratrix of his Estate, having been so appointed by order of the Probate Court in Worcester County on January 29, 2002. She sues in her representative capacity. She has her usual place of home and abode in Worcester, Worcester County, Massachusetts.

3. Plaintiff Armando Maisonet, with a usual place of home and abode in Worcester, Worcester County, Massachusetts, was seriously wounded by gunshot with an unserialized Kahr Arms handgun also on December 24, 1999.

4. Defendant Scottsdale Insurance Company is an Arizona corporation with its principal place of business in Scottsdale, Arizona that does substantial business in the Commonwealth of Massachusetts. At all times material to this Complaint Scottsdale was an insurer of defendant Saeilo, Inc. d/b/a Kahr Arms, a Worcester area defendant in tort actions brought by the plaintiffs.

5. Defendant Utica Mutual Insurance Company is a Massachusetts corporation with offices at 401 Edgewater Place, Suite 200, Wakefield Massachusetts. At all times material to this Complaint Utica was an insurer of defendant Saeilo, Inc., d/b/a Kahr Arms a Worcester area defendant in tort actions brought by the plaintiffs.

6. Defendants' Insured, Saeilo, Inc., d/b/a Kahr Arms Auto Ordnance at all times material hereto manufactured 9mm and .40 cal. Handguns.

## JURISDICTION

7. Jurisdiction against Scottsdale Insurance is based on the Massachusetts Long Arm Statute.

## FACTS

8. In March 1999 Kahr hired Mark Cronin, an individual addicted to crack cocaine and had encounters with the criminal justice system.

9. Cronin was hired to do polish and assembly of firearms at Kahr's facilities, and Cronin had access to all of the various components necessary to assemble firearms before they were serialized, including frames and slides as part of the manufacturing process.

10. Cronin, in order to supply his cocaine addiction, gradually began to steal component parts from Kahr Arms before serialization.

11. He located the necessary unserialized firearms components at Kahr Arms, including frames, slides and other component parts and ferried them out of the Kahr Arms facility in his clothing before completing an unserialized firearm outside Kahr's facility.

12. Cronin was able to steal component parts and assemble them outside Kahr's facility because defendants' insured, Saeilo, Inc. d/b/a Kahr Arms et al.:

   - did not conduct criminal background or general background checks on prospective employees and hired persons with criminal records;
   - did not test present or prospective employees for indications of drug addiction;
   - did not safeguard handguns and their components with metal detectors, x-ray machines, or other devices capable of detecting handguns or components secreted on persons or in their effects;
   - did not have a security guard to check employees upon the completion of their shift to prevent theft of handguns or handgun components;
   - did not keep clear and current inventory tracking records which would timely reveal unauthorized removal of weapons or weapons parts from the premises;

- did not supervise its employees/did not have television security cameras; and
- allowed individuals with criminal backgrounds and individuals addicted to illegal, controlled substances to work, manufacture, assemble and come in contact with handguns and handgun components in prohibition of the Federal Gun Control Act of 1968.

13. On a day in November 1999, Cronin provided an unserialized seven shot 9mm firearm to Jachimczyk in exchange for approximately $80 worth of cocaine.

14. Jachimczyk then traded the 9mm to his drug dealer/supplier Edwin Novas, in exchange for two bundles of 'dope' [heroin] the same day.

15. On 12/24/99 Edwin Novas fired multiple rounds from the 9mm Kahr weapon Cronin had ferried out of Kahr's facility and then assembled, severely injuring plaintiff Armando Maisonet and mortally wounding Danny Guzman.

16. It is the position of the plaintiffs that coverage for indemnity and defense is owed by defendants Scottsdale and Utica to insured Saeilo, Inc. d/b/a Kahr Arms with respect to claims set out in: Worcester Superior Court Action 02-2025 (Maisonet action) and Worcester Superior Court Action 02-01747 (Hernandez action). Both actions claim harm as a result of Kahr Inc.'s wanton, reckless, and grossly negligent conduct, including, but not limited to, failing to implement reasonable safeguards to prevent theft of guns and gun components, and failing to conduct background checks or conduct random drug testing on its workforce.

17. Both actions were amended to allege unfair and deceptive trade practices under 93A and 176D by defendants.

18. It is the position of the defendants that no such coverage is afforded to Saeilo, Inc. et al.

19. Another Kahr employee, Scott R. Anderson, has also testified that he too gradually stole component parts from Kahr Arms and assembled various weapons outside Kahr's facility.

20. Both Cronin and Anderson have pleaded guilty to stealing firearms from Kahr Arms and have been convicted in federal court.

21. On March 23, 2000, U.S. Magistrate the Honorable Charles B. Swartwood, III, found in his Memorandum of Probable Cause and Decision of Government's Motion For Detention and Findings of Fact at paragraphs 1,2,3,4 and 5 that the 9mm firearm used in the homicide of Danny Guzman was the Kahr Arms 9mm provided by Cronin.

22. On 1/15/02 a Worcester Superior Grand Jury returned an indictment of Novas for Danny Nicacio's death with the following offenses identified: 1) Murder, 1st degree; 2) Assault, armed, intent to rob; 3) Dang weapon, possess gun, no license, on person/in MV; 4) Dang weapon, possess/transfr gun/ammo, no ID card; 5) Assault & Battery, dangerous weapon.

23. The parts that Cronin stole and assembled into a 9mm weapon, which was used to maim Armando Maisonet and kill Danny Guzman, was not a product placed in the stream of commerce subject to a coverage exclusion.

24. On March 1, 2004, counsel for plaintiffs submitted via certified mail a demand letter, pursuant to M.G.L. c.93A, to Ms. Mary Ledwith, senior claims specialist at Utica Mutual Insurance Company, an insurer of defendant Saeilo, Inc. d/b/a Kahr Arms and Auto Ordnance Corp, demanding $1 million for each plaintiff.

25. On March 31, 2004, plaintiff received a response letter from Tucker Heifetz & Saltzman, LLP, which indicated it was representing Utica Insurance Group, and rejecting plaintiffs' demand on the basis of an alleged "products-completed operations hazard" exclusion.

26. On October 24, 2003, counsel for plaintiffs submitted via certified mail a demand letter pursuant to M.G.L. c.93A to Leigh Foster of Scottsdale Insurance, an insurer of defendant Saeilo, Inc. d/b/a Kahr Arms and Auto Ordnance Corp, demanding $1 million for each plaintiff.

27. On November 24, 2003, plaintiff received a letter from Robinson and Cole, LLP, which indicated it was representing Scottsdale Insurance Company, and rejecting plaintiffs' demand on the basis of an "products-completed operations hazard" exclusion.

## COUNT I
## DECLARATORY JUDGMENT

28. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 27 of the complaint into this count.

29. A controversy exists between the parties as to insurance coverage.

WHEREFORE plaintiffs request that this Court determine the rights among the parties pursuant to G.L. c.231A, and make any award of attorney fees and costs it deems just.

Respectfully submitted,
Plaintiffs by their attorneys,

_____
Hector E. Pineiro, Esquire, BBO # 555315
Robert H. Beadel, Esquire, BBO # 632447
807 Main Street
Worcester, MA 01610
Tel. (508) 770-0600

# Exhibit B

# HÉCTOR E. PIÑEIRO

ATTORNEY AT LAW

HECTOR E. PIÑEIRO

ROBERT H. BEADEL**
**ALSO ADMITTED IN NY

ROBERT A. SCOTT

807 MAIN STREET
WORCESTER, MASSACHUSETTS 01610
(508) 770-0600
(617) 720-4008

FAX (508) 770-1300
Email: h.pineiro@att.net

CLAIMS ADMINISTRATOR
HAROLD CRUZ

CORRESPONDENT
MARÍA S. PIÑEIRO SOLER, L.L.M.
ATTORNEY AT LAW
POPULAR CENTER BUILDING
18TH FLOOR - SUITE 1818
209 MUÑOZ RIVERA AVE.
SAN JUAN, PUERTO RICO 00918
TEL: (787) 250-8304
FAX (787) 758-4236

July 27, 2005

James T. Scamby, Esquire
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108

John Steinmetz, Esq.
Karen Daum, Esq.
Robinson & Cole LLP
One Boston Place
Boston, MA 02108

**Re:** *Maisonet v. Kahr Arms, et al.*
C. A. No. WOCV2002-2025

**Re:** *Hernandez v. Kahr Arms, et al.*
C. A. No. WOCV2002-1747

Dear Counsel:

Per your agreement to accept service on behalf of Scottsdale and Utica, I am enclosing cleaner copies of the Declaratory Judgment Complaint already faxed each of you, along with an original summons.

Very truly yours,

Robert H. Beadel

Cc:
Civil Clerk's Office
Worcester Superior Court
2 Main Street, Room 21
Worcester, MA 01608 -1176

RECEIVED
JUL 28 2005
TH&S

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 05-0758

Juana Hernandez & Armando Missant
Plaintiff(s)

v.

Utica Mutual Insurance Co. Defendant(s)

**SUMMONS**

\* To the above-named Defendant:

You are hereby summoned and required to serve upon Hector Pineiro whose address is 807 Main St. Worcester MA 01610 plaintiff's attorney, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse ——Esquire, at Worcester, the.......................... day of ......................................... in the year of our Lord two thousand and .........................

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

5. Defendant Utica Mutual Insurance Company is a Massachusetts corporation with offices at 401 Edgewater Place, Suite 200, Wakefield Massachusetts. At all times material to this Complaint Utica was an insurer of defendant Saeilo, Inc., d/b/a Kahr Arms a Worcester area defendant in tort actions brought by the plaintiffs.

6. Defendants' Insured, Saeilo, Inc., d/b/a Kahr Arms Auto Ordnance at all times material hereto manufactured 9mm and .40 cal. Handguns.

## JURISDICTION

7. Jurisdiction against Scottsdale Insurance is based on the Massachusetts Long Arm Statute.

## FACTS

8. In March 1999 Kahr hired Mark Cronin, an individual addicted to crack cocaine and had encounters with the criminal justice system.

9. Cronin was hired to do polish and assembly of firearms at Kahr's facilities, and Cronin had access to all of the various components necessary to assemble firearms before they were serialized, including frames and slides as part of the manufacturing process.

10. Cronin, in order to supply his cocaine addiction, gradually began to steal component parts from Kahr Arms before serialization.

11. He located the necessary unserialized firearms components at Kahr Arms, including frames, slides and other component parts and ferried them out of the Kahr Arms facility in his clothing before completing an unserialized firearm outside Kahr's facility.

12. Cronin was able to steal component parts and assemble them outside Kahr's facility because defendants' insured, Saeilo, Inc. d/b/a Kahr Arms et al.:

    - did not conduct criminal background or general background checks on prospective employees and hired persons with criminal records;
    - did not test present or prospective employees for indications of drug addiction;
    - did not safeguard handguns and their components with metal detectors, x-ray machines, or other devices capable of detecting handguns or components secreted on persons or in their effects;
    - did not have a security guard to check employees upon the completion of their shift to prevent theft of handguns or handgun components;
    - did not keep clear and current inventory tracking records which would timely reveal unauthorized removal of weapons or weapons parts from the premises;

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

**PLAINTIFF(S)** _[illegible handwriting]_

**DEFENDANT(S)** _[illegible handwriting]_

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
_Hector Pineiro  807 Main St Worcester, MA_
_Tel. 508 770 [illegible]_
**Board of Bar Overseers number:** 555515

**ATTORNEY (if known)**
_Utica: James Siemby, Esq. Tucker, [illegible], 3 School St Boston MA [illegible]_
_Scottsdale: John Steinmetz, Robinson & Cole, 1 Boston Place, Boston MA [illegible]_

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 | Declaratory Judgment | (A) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $ _____
2. Total Doctor expenses .............................................. $ 17,970 (m)
3. ~~Total chiropractic expenses~~ ...................................... $ 5,065.25
4. Total physical therapy expenses ................................... $ 4,524 (m)
5. Total other expenses (describe) _Funeral_ ........................ $ 475 (m)
                                                                        $ 4,000 (K)
                                                          Subtotal $ _____

B. Documented lost wages and compensation to date ... # To be determined
C. Documented property damages to date .............................. $ _____
D. Reasonably anticipated future medical and hospital expenses ....... $ _____
E. Reasonably anticipated lost wages .... # See Above ............... $ N/A
F. Other documented items of damages (describe) ..................... $ _____

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
_On 12/24/99 plaintiff Danny Miracio Gutman was shot dead and plaintiff Franns Masunet was seriously wounded by a stolen Kahr Arms Handgun. Plaintiffs allege Kahr negligently allowed the handgun theft to occur. This is an insurance coverage dispute. Defendants insured Kahr Arms._
                                                          TOTAL $ 32,034.25

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): _Whether coverage for indemnity & defense is owed by defendants Scottsdale & Utica to Saeilo Inc an insured defendant in separate tort actions brought by plaintiff_

                                                          TOTAL $ _____

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT _2 related Worcester Sup Ct Actions: 02-X25 Masunet v Saeilo Inc, 02-01747 Hernandez v Saeilo Inc_

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _[signature]_

**§JS 44** (Rev. 11/04)                                     **CIVIL COVER SHEET**    05-40141

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Juana Hernandez, as Administratrix of the Estate of Danny Nicacio, and Armando Maisonet

### DEFENDANTS
Scottsdale Insurance Company and Utica Mutual Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Worcester, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Maricopa, AZ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert H. Beadel, Esquire; Law Office of Hector E. Pineiro, 807 Main Street, Worcester, MA 01610

Attorneys (If Known)
Caryn L. Daum, Robinson & Cole LLP, One Boston Place, Boston, MA 02108; James T. Scamby, Tucker, Heifetz & Saltzman, LLP

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332; 28 U.S.C. §§ 1441, 1446
Brief description of cause:
Declaratory judgment arising out of two insurance policies

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  08/16/2005
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

05-40141

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Juana Hernandez, as Administratrix of the Estate of Danny Nicacio, et al. v. Scottsdale Insurance Company, et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☑   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   James T. Scamby (BBO #629144)
ADDRESS   Tucker, Heifetz & Saltzman, LLP, 3 School Street, Boston, MA 02108
TELEPHONE NO.   (617) 557-9696

(CategoryForm.wpd - 5/2/05)