UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUANA HERNANDEZ, AS ADMINISTRATRIX OF THE ESTATE OF DANNY NICACIO and ARMANDO MAISONET,<br>    Plaintiffs<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY and UTICA MUTUAL INSURANCE COMPANY,<br>    Defendants. | CIVIL ACTION NO. 05-40141-FDS |

## ASSENTED-TO MOTION TO EXTEND THE TIME BY WHICH DEFENDANT, SCOTTSDALE INSURANCE COMPANY, MAY ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

The Defendant Scottsdale Insurance Company respectfully requests that this Court grant it a fourteen (14) day extension of time, up to and including September 6, 2005, in which to answer or otherwise respond to the Plaintiff's Complaint. A copy of the Complaint is attached hereto as *Exhibit A*. Plaintiff assents to this Motion. As grounds for this Motion, the Defendant states that an additional period of time is needed to complete a response.

| Respectfully submitted, | ASSENTED TO: |
|---|---|
| Scottsdale Insurance Company,<br>By Its Attorneys, | Plaintiffs, Juana Hernandez, as Administratrix of the Estate of Danny Nicacio and Armando Maisonet,<br>By Its Attorneys, |
| /s/ Caryn L. Daum<br>John W. Steinmetz (BBO #568108)<br>Caryn L. Daum (BBO #647001)<br>Robinson & Cole LLP<br>One Boston Place<br>Boston, MA 02108<br>(617) 557-5900 | /s/ Robert H. Beadel<br>Hector E. Pineiro (BBO# 555315)<br>Robert H. Beadel (BBO# 632447)<br>807 Main Street<br>Worcester, MA 01610<br>(508) 770-0600 |

Dated: August 22, 2005

BOST1-866165-1

## CERTIFICATE OF SERVICE

I, Caryn L. Daum, hereby certify that on this 22nd day of August, 2005, I have this day served a copy of the foregoing document, by first-class mail, postage prepaid, to the following counsel of record:

Robert H. Beadel, Esquire  
Law Office of Hector E. Pineiro  
807 Main Street  
Worcester, MA 01610

James T. Scamby, Esq.  
Tucker, Heifetz & Saltzman, LLP  
Three School Street  
Boston, MA 02108

/s/ Caryn L. Daum  
Caryn L. Daum

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.
                              WORCESTER SUPERIOR COURT
                              CIVIL ACTION NO.

JUANA HERNANDEZ, AS ADMINISTRATRIX  )
OF THE ESTATE OF DANNY NICACIO and   )
ARMANDO MAISONET,                    )
      Plaintiffs                      )
                                 )
                                 )   COMPLAINT and
                                 )   DEMAND FOR JURY TRIAL
v.                                )
                                 )
SCOTTSDALE INSURANCE COMPANY,        )
UTICA MUTUAL INSURANCE CO.           )
      Defendants                      )
                                 )

This is a MGL c. 231A declaratory judgment action in which the plaintiffs seek the Court's determination of the coverage obligations of the defendant insurers relative to insured Saeilo, Inc. d/b/a Kahr Arms Auto Ordnance.

## THE PARTIES

1. Plaintiff's decedent, Danny Nicacio, died on December 24, 1999, as a result of being shot with an unserialized Kahr Arms handgun on December 24, 1999. At the time he resided in Worcester, Worcester County, Massachusetts.

2. Plaintiff Juana Hernandez is the mother of decedent and the Administratrix of his Estate, having been so appointed by order of the Probate Court in Worcester County on January 29, 2002. She sues in her representative capacity. She has her usual place of home and abode in Worcester, Worcester County, Massachusetts.

3. Plaintiff Armando Maisonet, with a usual place of home and abode in Worcester, Worcester County, Massachusetts, was seriously wounded by gunshot with an unserialized Kahr Arms handgun also on December 24, 1999.

4. Defendant Scottsdale Insurance Company is an Arizona corporation with its principal place of business in Scottsdale, Arizona that does substantial business in the Commonwealth of Massachusetts. At all times material to this Complaint Scottsdale was an insurer of defendant Saeilo, Inc. d/b/a Kahr Arms, a Worcester area defendant in tort actions brought by the plaintiffs.

5. Defendant Utica Mutual Insurance Company is a Massachusetts corporation with offices at 401 Edgewater Place, Suite 200, Wakefield Massachusetts. At all times material to this Complaint Utica was an insurer of defendant Saeilo, Inc., d/b/a Kahr Arms a Worcester area defendant in tort actions brought by the plaintiffs.

6. Defendants' Insured, Saeilo, Inc., d/b/a Kahr Arms Auto Ordnance at all times material hereto manufactured 9mm and .40 cal. Handguns.

## JURISDICTION

7. Jurisdiction against Scottsdale Insurance is based on the Massachusetts Long Arm Statute.

## FACTS

8. In March 1999 Kahr hired Mark Cronin, an individual addicted to crack cocaine and had encounters with the criminal justice system.

9. Cronin was hired to do polish and assembly of firearms at Kahr's facilities, and Cronin had access to all of the various components necessary to assemble firearms before they were serialized, including frames and slides as part of the manufacturing process.

10. Cronin, in order to supply his cocaine addiction, gradually began to steal component parts from Kahr Arms before serialization.

11. He located the necessary unserialized firearms components at Kahr Arms, including frames, slides and other component parts and ferried them out of the Kahr Arms facility in his clothing before completing an unserialized firearm outside Kahr's facility.

12. Cronin was able to steal component parts and assemble them outside Kahr's facility because defendants' insured, Saeilo, Inc. d/b/a Kahr Arms et al.:

    - did not conduct criminal background or general background checks on prospective employees and hired persons with criminal records;
    - did not test present or prospective employees for indications of drug addiction;
    - did not safeguard handguns and their components with metal detectors, x-ray machines, or other devices capable of detecting handguns or components secreted on persons or in their effects;
    - did not have a security guard to check employees upon the completion of their shift to prevent theft of handguns or handgun components;
    - did not keep clear and current inventory tracking records which would timely reveal unauthorized removal of weapons or weapons parts from the premises;

- did not supervise its employees/did not have television security cameras; and
- allowed individuals with criminal backgrounds and individuals addicted to illegal, controlled substances to work, manufacture, assemble and come in contact with handguns and handgun components in prohibition of the Federal Gun Control Act of 1968.

13. On a day in November 1999, Cronin provided an unserialized seven shot 9mm firearm to Jachimczyk in exchange for approximately $80 worth of cocaine.

14. Jachimczyk then traded the 9mm to his drug dealer/supplier Edwin Novas, in exchange for two bundles of 'dope' [heroin] the same day.

15. On 12/24/99 Edwin Novas fired multiple rounds from the 9mm Kahr weapon Cronin had ferried out of Kahr's facility and then assembled, severely injuring plaintiff Armando Maisonet and mortally wounding Danny Guzman.

16. It is the position of the plaintiffs that coverage for indemnity and defense is owed by defendants Scottsdale and Utica to insured Saeilo, Inc. d/b/a Kahr Arms with respect to claims set out in: Worcester Superior Court Action 02-2025 (Maisonet action) and Worcester Superior Court Action 02-01747 (Hernandez action). Both actions claim harm as a result of Kahr Inc.'s wanton, reckless, and grossly negligent conduct, including, but not limited to, failing to implement reasonable safeguards to prevent theft of guns and gun components, and failing to conduct background checks or conduct random drug testing on its workforce.

17. Both actions were amended to allege unfair and deceptive trade practices under 93A and 176D by defendants.

18. It is the position of the defendants that no such coverage is afforded to Saeilo, Inc. et al.

19. Another Kahr employee, Scott R. Anderson, has also testified that he too gradually stole component parts from Kahr Arms and assembled various weapons outside Kahr's facility.

20. Both Cronin and Anderson have pleaded guilty to stealing firearms from Kahr Arms and have been convicted in federal court.

21. On March 23, 2000, U.S. Magistrate the Honorable Charles B. Swartwood, III, found in his Memorandum of Probable Cause and Decision of Government's Motion For Detention and Findings of Fact at paragraphs 1,2,3,4 and 5 that the 9mm firearm used in the homicide of Danny Guzman was the Kahr Arms 9mm provided by Cronin.

22. On 1/15/02 a Worcester Superior Grand Jury returned an indictment of Novas for Danny Nicacio's death with the following offenses identified: 1) Murder, 1st degree; 2) Assault, armed, intent to rob; 3) Dang weapon, possess gun, no license, on person/in MV; 4) Dang weapon, possess/transfr gun/ammo, no ID card; 5) Assault & Battery, dangerous weapon.

23. The parts that Cronin stole and assembled into a 9mm weapon, which was used to maim Armando Maisonet and kill Danny Guzman, was not a product placed in the stream of commerce subject to a coverage exclusion.

24. On March 1, 2004, counsel for plaintiffs submitted via certified mail a demand letter, pursuant to M.G.L. c.93A, to Ms. Mary Ledwith, senior claims specialist at Utica Mutual Insurance Company, an insurer of defendant Saeilo, Inc. d/b/a Kahr Arms and Auto Ordnance Corp, demanding $1 million for each plaintiff.

25. On March 31, 2004, plaintiff received a response letter from Tucker Heifetz & Saltzman, LLP, which indicated it was representing Utica Insurance Group, and rejecting plaintiffs' demand on the basis of an alleged "products-completed operations hazard" exclusion.

26. On October 24, 2003, counsel for plaintiffs submitted via certified mail a demand letter pursuant to M.G.L. c.93A to Leigh Foster of Scottsdale Insurance, an insurer of defendant Saeilo, Inc. d/b/a Kahr Arms and Auto Ordnance Corp, demanding $1 million for each plaintiff.

27. On November 24, 2003, plaintiff received a letter from Robinson and Cole, LLP, which indicated it was representing Scottsdale Insurance Company, and rejecting plaintiffs' demand on the basis of an "products-completed operations hazard" exclusion.

## COUNT I
## DECLARATORY JUDGMENT

28. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 27 of the complaint into this count.

29. A controversy exists between the parties as to insurance coverage.

WHEREFORE plaintiffs request that this Court determine the rights among the parties pursuant to G.L. c.231A, and make any award of attorney fees and costs it deems just.

Respectfully submitted,
Plaintiffs by their attorneys,

_____
Hector E. Pineiro, Esquire, BBO # 555315
Robert H. Beadel, Esquire, BBO # 632447
807 Main Street
Worcester, MA 01610
Tel. (508) 770-0600