UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUANA HERNANDEZ, AS ADMINISTRATRIX OF THE ESTATE OF DANNY NICACIO and ARMANDO MAISONET, )<br><br>Plaintiffs, )<br><br>v. )<br><br>SCOTTSDALE INSURANCE COMPANY and UTICA MUTUAL INSURANCE COMPANY, )<br><br>Defendants. ) | CIVIL ACTION NO. 05-40141-FDS |

**DEFENDANTS' JOINT MOTION TO STRIKE THE
EXTRANEOUS MATERIALS FILED WITH PLAINTIFFS' OPPOSITION**

The Defendants, Scottsdale Insurance Company and Utica Mutual Insurance Company, move to strike all of the extraneous materials filed with Plaintiffs' Opposition to the Defendants' Joint Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), or to Stay Action if Not Dismissed in its Entirety on the grounds that these documents are not within the confines of the Declaratory Judgment Complaint filed in the instant action and are not properly submitted on a motion to dismiss. In further support of this motion, the Defendants state as follows:

Generally, a court will not consider materials beyond the Complaint on a Rule 12(b)(6) motion, unless the Complaint's allegations are expressly linked to and dependent on the document. See Beddall v. State Street Bank and Trust, 137 F.3d 12 (1st Cir. 1998). In this case, Defendants attached only the subject insurance policies and underlying complaints to their motion to dismiss as such are an integral part of Plaintiffs' complaint in this action. Reliance upon such documents in connection with a motion to dismiss is permissible. Id.

BOST1-873508-1

Unlike Defendants, Plaintiffs have submitted numerous documents with their Opposition that are clearly outside the scope of a Rule 12(b)(6) motion, including but not limited to, deposition transcripts from deponents in the Underlying Actions and affidavits of purported "legal" and other "firearms" experts.[1]  Such documents are well beyond the scope of what is permissible on a motion to dismiss, and should be disregarded by the Court.  Id.  Defendants further submit that the affidavit submitted by Plaintiffs' purported legal expert, Stephen M.A. Woodworth, Esq., is inappropriate and should be not considered by this Court under any circumstances.  See Biomedical Polymers, Inc. v. Evergreen Industries, Inc., 976 F. Supp. 98 (D. Mass. 1997) (it is within the Court's discretion to strike a legal expert's affidavit because such affidavits invade the province of the Court by couching legal arguments as expert testimony.)

WHEREFORE, the Defendants hereby request that this Court strike all (Exhibits A-K) of the extraneous materials attached to the Plaintiffs' Opposition to the Defendants' Joint Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), or to Stay Action if Not Dismissed in its Entirety on the grounds that these documents are not within the confines of the Complaint filed in the instant action and are not properly submitted on a motion to dismiss.

---

[1] More specifically, Plaintiffs have attached the following documents to their Opposition:  Complete docket for the Maisonet action pending in Worcester Superior Court (Exhibit A); complete docket for the Hernandez action pending in Worcester Superior Court (Exhibit B); Transcript from the United States District Court for the District of Massachusetts concerning the sentencing of Mark Cronin (Exhibit C); Deposition transcript for Special Agent Michael P. Curran (Exhibit D); Deposition transcript for Robert Jachimczyk (Exhibit E); Memorandum of Probable Cause and Decision on Government's Motion for Detention concerning Mark Cronin (Exhibit F); Deposition transcript for Mark Cronin (Exhibit G); Deposition transcript for Scott R. Anderson (Exhibit H); Affidavit of Stephen M.a. Woodworth, Esq. (Exhibit I); Affidavit of Joseph J. Vince, Jr. (Exhibit J); and docket and various pleadings concerning Safety Ins. Co. v. Day case (Exhibit K).

Respectfully submitted,

| | |
|---|---|
| **Scottsdale Insurance Company**, | **Utica Mutual Insurance Company**, |
| By Its Attorneys, | By Its Attorney, |
| | |
| /s/ Caryn L. Daum | /s/ James T. Scamby |
| John W. Steinmetz (BBO #568108) | James T. Scamby (BBO #629144) |
| Caryn L. Daum (BBO #647001) | Tucker, Heifetz & Saltzman, LLP |
| Robinson & Cole LLP | Three School Street |
| One Boston Place | Boston, MA 02108 |
| Boston, MA 02108 | (617) 557-9696 |
| (617) 557-5900 | |

Dated:  November 18, 2005

## CERTIFICATE OF SERVICE

I, Caryn L. Daum, hereby certify that a true and accurate copy of the foregoing document was served by first-class mail, postage prepaid, on this 18th day of November, 2005, upon:

> Héctor E. Piñeiro, Esq.
> Law Office of Héctor E. Piñeiro
> 807 Main Street
> Worcester, MA 01610

/s/ Caryn L. Daum
Caryn L. Daum