UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUANA HERNANDEZ AS ADMINSTRATRIX ) | |
| OF THE ESTATE OF DANNY NICACIO and ) | |
| ARMANDO MAISONET, ) | CIVIL ACTION NO. 05-40141FDS |
|     Plaintiffs ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| SCOTTSDALE INSURANCE COMPANY and ) | |
| UTICA MUTUAL INSURANCE COMPANY, ) | |
|     Defendants ) | |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE

Plaintiffs Juana Hernandez and Armando Maisonet (collectively, "Plaintiffs"), by and through their counsel, hereby oppose Defendants' Joint Motion To Strike. Citing as authority *Beddall v. State Street Bank and Trust*, 137 F.3d 12 (1st Cir. 1998), defendants argue the affidavits submitted by plaintiffs are well beyond the scope of what is permissible on a motion to dismiss, and should be disregarded by the Court. Defendants follow this up with 'Id.', but there is no such language in *Beddall*. That decision merely acknowledges that a contract in dispute, referenced in a pleading, can properly be put before the Court.

In the interest of efficiency and judicial economy, Plaintiffs contend that the exhibits and affidavit submitted by Stephen M.A. Woodworth, Esq. is appropriately considered now, because the Court is to take as true (as it must in the 12(b)(6) context) all assertions in plaintiffs' pleading. The affidavit of Mr. Woodworth would become part of an amended complaint if plaintiffs were forced to amend[1].

---

[1] *See, e.g., Moore v. City of Harriman*, 272 F.3d 769, 774 ("Subsequent filings in a case," including responses to motions to dismiss for failure to state a claim or to motions for summary judgment, "may rectify deficiencies in the initial pleadings.")

1

Affidavits of experts are routinely considered in declaratory judgment actions. *See Adams v. Watson*, 10 F.3d 915 (1st Cir. 1993) ("In the present case, the more industry-specific allegations — such as Massachusetts dealers' preference for indigenous milk supplies — are confirmed by the affidavit of Dr. Ronald Knutson, a national expert in dairy industry economics, *see supra* pp. 919-920. We conclude, therefore, that rather than "empirically unverifiable" conclusions, *see Dartmouth Review,* 889 F.2d at 16, the economic "facts" alleged in the proposed second amended complaint set forth adequate grounds to demonstrate, *at the pleading stage,* a sufficient likelihood that the challenged pricing order will result in reduced out-of-state milk sales to Massachusetts dealers at lower prices." *Id*. at 923-924.).

Courts may make rulings in declaratory judgment actions adverse to parties that fail to submit expert affidavits. See *St. Paul Ins. Co. of Illinois v. Cromeans*, 771 F. Supp. 349 (N.D.Ala. 1991). Plaintiffs acknowledge that the parties here are disputing a motion to dismiss, not a summary judgment motion, but challenge defendants' assertion that expert affidavits are always strictly forbidden from consideration by the Court.

Respectfully submitted,

JUANA HERNANDEZ and
ARMANDO MAISONET
By their attorneys,

/s/ Robert H. Beadel

_____
Hector E. Pineiro BBO # 555315
Robert H. Beadel BBO #632447
807 Main Street
Worcester, MA 01610
Tel. (508) 770-0600
Fax (508) 770-1300
Email: h.pineiro@att.net

Dated: December 2, 2005

CERTIFICATE OF SERVICE

I, Robert H. Beadel, hereby certify that a true and accurate copy of the foregoing document was served by first-class mail, postage prepaid, on this 2nd Day of December 2005 upon:

Caryn L. Daum, Esq.
Robinson & Cole LLP
One Boston Place
Boston, MA 02108

James T. Scamby
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108